1   STEVE W. BERMAN
    THOMAS E. LOESER (202724)
2   HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
3   Seattle, WA 98101
    Telephone: (206) 623-7292
4   Facsimile: (206) 623-0594
    steve@hbsslaw.com
5   toml@hbsslaw.com

6   Shanon J. Carson
    Patrick Madden
7   BERGER & MONTAGUE, P.C.
    1622 Locust Street
8   Philadelphia, PA 19103
    Telephone: (215) 875-4656
9   Facsimile: (215) 875-4604
    scarson@bm.net
10  pmadden@bm.net

11  *Counsel for Plaintiffs and the Proposed Class*

12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO

16  SHELLY CLEMENTS, MATHEW SCHEETZ,        No. 3:12-cv-02179-JCS
    ROBERT PITERNIAK, and LAURA
17  PITERNIAK, individually and on behalf of all   **CLASS ACTION**
    others similarly situated,
18                                          [PROPOSED] ORDER GRANTING
                Plaintiffs,                 UNOPPOSED MOTION FOR
19                                          PRELIMINARY APPROVAL OF
          v.                                CLASS ACTION SETTLEMENT
20
    JPMORGAN CHASE BANK, N.A., for itself   Date: January 24, 2014
21  and as successor by merger to CHASE HOME   Time: 9:30 a.m.
    FINANCE, LLC, and CHASE INSURANCE       Dept.: G, 15th floor, S.F.
22  AGENCY, INC.,                           Judge: Hon. Joseph C. Spero

23              Defendants.

24

25

26

27

28

FILED

JAN 17 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case3:12-cv-02179-JCS Document49-1 Filed12/ /3 Page2 of 6

1    WHEREAS, Plaintiffs Shelly Clements, Matthew Sheetz, Robert Piterniak and Laura

2    Piterniak ("Plaintiffs"), on behalf of themselves and the proposed stipulated settlement class (the

3    "Settlement Class"), and Defendants JPMorgan Chase Bank, N.A., for itself and as successor by

4    merger to Chase Home Finance, LLC, and Chase Insurance Agency, Inc. ("JPMorgan" or

5    "Defendants"), have agreed, subject to Court approval following notice to the Settlement Class and

6    a hearing, to settle the above captioned matter pursuant to the terms of the Settlement Agreement

7    and Release (the "Settlement Agreement") submitted herewith;

8    WHEREAS, the Court has considered the Settlement Agreement, together with all exhibits

9    thereto, the record in this case, and the briefs and arguments of counsel;

10    WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the

11    Settlement Agreement and Defendants do not oppose the granting of such order;

12    WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action

13    meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23");

14    WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

15    the Settlement Agreement;

16    NOW, THEREFORE IT IS HEREBY ORDERED:

17        1.    The Court does hereby preliminarily approve the Settlement Agreement and the

18    settlement set forth therein, subject to further consideration at the settlement hearing described

19    below.

20        2.    A hearing (the "Settlement Hearing") shall be held before this Court on [*final*

21    *hearing date*] June 6_____, 2014 at 9:30am, at the United States District Court, located at

22    450 Golden Gate Ave., San Francisco, California, in Courtroom G to determine whether to approve

23    certification of the Settlement Class for settlement purposes; whether the proposed settlement is

24    fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether

25    a final judgment should be entered herein; whether the proposed plan of distribution of the

26    Settlement Fund should be approved; and to determine the amount of fees and expenses that should

27    be awarded to Class Counsel. The Court may adjourn or continue the Settlement Hearing without

28    [PROPOSED] ORDER GRANTING UNOPPOSED          - 1 -
MOTION FOR PRELIMINARY APPROVAL
CASE NO.: 3:12-cv-02179-JCS

010312-11 661521 V1

1  further notice to the members of the Settlement Class. The Court may approve the settlement, with

2  such modifications as may be agreed to by the settling parties, if appropriate, without further notice

3  to the Settlement Class.

4          3.    Pursuant to Rule 23, the Court hereby preliminarily certifies, solely for purposes of

5  effectuating this proposed settlement, a Settlement Class of all persons in the United States who

6  were charged by JPMorgan for lender-placed flood insurance (unless such charge was flat

7  cancelled/refunded in full) in connection with a consumer-purpose closed-end loan (excluding

8  home equity lines of credit or home equity loans) secured by a mortgage on residential property

9  during the time period from January 1, 2007, to July 31, 2012, excluding Defendants, their

10  affiliates, subsidiaries, agents, board members, directors, officers, and employees.

11          4.    Pursuant to the Settlement Agreement, for purposes of effectuating this proposed

12  settlement, within ten (10) business days after the Preliminary Approval Date, JPMorgan shall

13  provide the Claims Administrator and Co-Lead Counsel with a final Class List in electronic format,

14  to the extent reasonably available, which shall supplement the information already provided to

15  Plaintiffs and include for Settlement Class Members the information described in Paragraph 28 of

16  the Settlement Agreement. The Settlement Class shall be limited to those persons identified on the

17  Class List and fitting the class definition above. The Court preliminarily finds that, for purposes of

18  effectuating this settlement only, that the Settlement Class meets the Rule 23 requirements for a

19  settlement class.

20          5.    For purposes of effectuating this proposed settlement only, the Court preliminarily

21  designates the Plaintiffs as the class representatives and appoints Berger & Montague, P.C. and

22  Hagens Berman Sobol Shapiro LLP as Co-Lead Class Counsel and appoints as Class Counsel

23  Berger & Montague, P.C., Hagens Berman Sobol Shapiro LLP, Grossman Roth, P.A., Taus,

24  Cebulash & Landau, LLP, Kessler Topaz Meltzer & Check, LLP, Law Office of Peter Fredman,

25  and Nix Patterson & Roach, LLP.

26          6.    The Court approves the form and manner of class notice set forth in the Settlement

27  Agreement and exhibits thereto, as further delineated herein, and finds that said notice meets the

28  [PROPOSED] ORDER GRANTING UNOPPOSED    - 2 -
MOTION FOR PRELIMINARY APPROVAL
CASE NO.: 3:12-cv-02179-JCS

010312-11 661521 V1

1  requirements of Rule 23 and due process, is the best notice practicable under the circumstances,

2  and shall constitute sufficient notice to all persons entitled thereto.

3       7.    The Court hereby appoints BMC Group as the "Settlement Administrator" to

4  supervise and administer the notice procedure as well as the processing of claims.

5       8.    Prior to the Settlement Hearing, the notice and claims process shall be administered

6  as follows:

7         a.    By no later than **[40 days after preliminary approval]**, the Settlement

8  Administrator shall cause the notice and claim form, substantially in the forms annexed to the

9  Settlement Agreement, to be sent by U.S. mail and electronic mail (where available) to each

10  member of the Settlement Class identified on the Class List described in paragraph 4 above, to

11  their last known addresses as updated by a query of the United States Postal Service change of

12  address database.

13         b.    By no later than **[40 days after preliminary approval],** the Settlement

14  Administrator shall publish the settlement website described in the notice form, which shall

15  provide the information contained in the notice and relevant documents for download, including

16  the Settlement Agreement, and this Order granting preliminary approval.

17         c.    Any person who wishes to exclude themselves from the Settlement Class

18  must do so by written request to the Settlement Administrator postmarked no later than **[100 days**

19  **after preliminary approval]**. All persons who submit valid and timely requests for exclusion in

20  the manner set forth in the notice shall have no rights under the Settlement Agreement, shall not

21  share in the distribution of the Settlement Fund, and shall not be bound by any final judgment

22  entered in this matter.

23         d.    By no later than **[120 days after preliminary approval]**, the Settlement

24  Administrator shall prepare and deliver to counsel for the parties lists identifying the members of

25  the Settlement Class as set forth on the Class List and of said persons who timely requested

26  exclusion from the Settlement Class (the "Opt-outs").

27

28  [PROPOSED] ORDER GRANTING UNOPPOSED    - 3 -
MOTION FOR PRELIMINARY APPROVAL
CASE NO.: 3:12-cv-02179-JCS

1          e.          In the event that number of Opt-outs exceeds 2.5% of the total number of

2    Settlement Class members, JPMorgan may exercise its termination rights under paragraph 53 of the

3    Settlement Agreement, including obtaining a continuance of the Settlement Hearing as it deems

4    necessary to make its determination as to whether it elects to exercise that option. In the event

5    JPMorgan obtains a continuance, it shall provide notice by mail to all parties and to any persons

6    who filed objections to the settlement as provided for below.

7          9.          By no later than [*28* **days prior to Settlement Hearing**], Class Counsel shall file

8    motions for final approval of the settlement, attorneys' fees, costs and incentive awards for the

9    class representatives, and all supporting documentation and papers necessary to enter a final

10   judgment in this matter.

11        10.          Any member of the Settlement Class may appear at the Settlement Hearing as

12   "objectors" and object to the settlement or any aspect thereof, including the applications for awards

13   of Class Counsel fees and costs or for service awards to the representative plaintiffs; ***provided,***

14   ***however,*** that no appearance or objection will be allowed unless the objector files and serves the

15   objection in writing in the manner prescribed in the notice by no later than **[100 days after**

16   **preliminary approval]**. Any members of the Settlement Class who do not timely make their

17   objections in the proscribed manner shall be deemed to have waived such objection and shall

18   forever be foreclosed from making any objection to the fairness or adequacy of the proposed

19   settlement, the award of attorneys' fees and expenses to Class Counsel, or any other aspect of this

20   settlement, unless otherwise ordered by the Court.

21        11.          All expenses incurred in connection with the notice and claims process shall be paid

22   for as set forth in Settlement Agreement.

23        12.          This Order, the Settlement Agreement, and any other incident of this preliminary

24   approval proceeding shall never be offered or construed as an admission or concession by Plaintiffs

25   or Defendant of the truth or falsity of any of the allegations in the litigation, or of any liability, fault

26   or wrongdoing of any kind.

27

28   [PROPOSED] ORDER GRANTING UNOPPOSED          - 4 -
     MOTION FOR PRELIMINARY APPROVAL
     CASE NO.: 3:12-cv-02179-JCS

     010312-11  661521 V1

13.     If the proposed settlement is not finally approved for any reason, then this order and the Settlement Agreement shall have no further force and effect, and the parties rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this Order never entered.

14.     The Court retains continuing jurisdiction over the action to consider all further matters arising out of or connected with the proposed settlement, including the administration and enforcement of this Order and the Settlement Agreement.

15.     Pending the Final Approval Hearing, this Action is stayed for all purposes, except as regards the Court's supervision of the settlement process.

**IT IS SO ORDERED.**


DATED: _____, 2014


_____
Hon. Joseph C. Spero
United States Magistrate Judge